# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIE G. DANTZLER** | : | **DOCKET NO. 15-cv-2010** |
| **B.O.P. # 5913-025** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Willie G. Dantzler ("Dantzler"). Dantzler is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Milan, Michigan. At the time the petition was filed, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.[1] Doc. 2, p. 1.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Because Dantzler was incarcerated in this district at the time of filing, jurisdiction and venue over his § 2241 petition are proper. *See id.*; 28 U.S.C. § 2241(d).

# I.
## BACKGROUND

On June 13, 2002, Dantzler was found guilty of being a felon[2] in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Dantzler*, No. 3:02-cr-30023 (S.D. Ill. May 13, 2003). He was sentenced to 210 months imprisonment. *Id.* at doc. 81. After his direct appeal, Dantzler filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, which was dismissed as time-barred. *Dantzler v. Hollingsworth*, 2010 WL 3359359, *3 (S.D. Ill. Aug. 25, 2010). He then filed his first 28 U.S.C. § 2241 *habeas* application, challenging the use of a 1984 conviction as the underlying offense in his 2002 conviction. *Id.* at *2–*4. He maintained that he received a letter from the Illinois Department of Corrections ("IDOC") before the 2002 offense informing him that his civil rights had been restored after completion of his sentence from the 1984 offense. *Id.* at *2–*4. The application was denied by the district court on the basis that Dantzler was not entitled to relief under § 2241. *Id.* at *5. Dantzler unsuccessfully challenged the denial with both the Seventh Circuit Court of Appeals and the United States Supreme Court. *Dantzler v. Hollingsworth*, 132 S. Ct. 359 (2011).

Dantzler then filed the instant § 2241 *habeas* petition, claiming again that he is actually innocent of being a felon in possession of a firearm because of the IDOC letter. Doc. 1, att. 2, p. 1. Dantzler claims that a case "with very similar issues came along" before an unnamed court in 2009, proving that he was entitled to relief.[3] Doc. 1, p. 5. Dantzler also contends that he may have a claim under *Begay v. United States,* 128 S.Ct. 1581 (2008), alleging that his "prior conviction

---

[2] The predicate felony was a 1984 conviction for armed robbery. *Dantzler v. Hollingsworth*, 2010 WL 3359359, *1 (S.D. Ill. Aug. 25, 2010).
[3] This case may be *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), on which the petitioner based his first § 2241 petition. *Dantzler*, 2010 WL 3359359 at *1. *Buchmeier* is cited in the petitioner's memorandum, in support of his contention that his claim was foreclosed by circuit law at the time of his § 2255 motion. Doc. 1, att. 2, pp. 8–9.

cannot be used for federal purposes at all, therefore, it is not a felony that can be taken into consideration as a violent felony." *Id.*

As relief for the above, Dantzler seeks immediate release from custody.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Dantzler collaterally attacks his incarceration, arguing errors in his federal conviction, and challenges the sentence imposed rather than the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Dantzler does not satisfy the first criterion set forth above. He alleges that an unknown case before an unnamed court supports his argument but there is no information other than the year of the decision from which this court could identify the case.[4] Courts favor giving pro se litigants an opportunity to amend defects in their complaints before imposing a dismissal. *See, e.g.*, *Rodriguez v. United States*, 66 F.3d 95, 97–98 (5th Cir. 1995). However, the deficiency here is too great to excuse even in light of Dantzler's pro se status. Therefore his allegation of support from a "2009 case" is insufficient to satisfy the first prong of the savings clause.

He also states that he "may have a claim under *Begay v. United States*" [doc. 1, p. 5] but does not say what this claim is. Even if he had argued that *Begay* applied retroactively to his case, his reliance would be misplaced. A new rule is only retroactively applicable in limited circumstances. These include "substantive, non-constitutional decisions concerning the reach of a federal statute," which are characterized by their articulation of the elements that the government must prove in order to obtain a conviction. *Garland v. Roy*, 615 F.3d 391, 396–97 (5th Cir. 2010) (internal quotations and alterations omitted).

In *Begay*, the Court held that a conviction for driving under the influence of alcohol was not a "violent felony" within the meaning of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). 128 S.Ct. at 1587–88. Meanwhile, the provision under which the petitioner was convicted applies to all persons "convicted in any court of a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1). Therefore *Begay* is unavailing to the petitioner's conviction.

The record does not reflect whether the sentencing court applied the enhancement allowed for violent felonies under § 924(e). However, a claim of innocence of a sentencing enhancement

---

[4] If the petitioner is referencing *Buchmeier*, *supra* note 3, then we note that it is not a Supreme Court decision and therefore unavailing to the first prong of his savings clause argument.

is not a claim of actual innocence of the crime of conviction. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (unpublished). Therefore *Begay*, even if applicable to the petitioner's case, does not qualify his claim for review under the savings clause.

Because Dantzler has not met the savings clause requirements, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 8th day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE